UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-13225-RGS

STEVEN L. SMITH

v.

TARGET CORPORATION, ALEX MIRSKY,
EVAN MCCLENAN, BRENDAN COHEN,
OFFICER W. MCENVOY, OFFICER J. NIHAN,
SGT. M. CUDDY (all in their official &
individual capacities)

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

April 30, 2026

STEARNS, D.J.

Pro se plaintiff Steven L. Smith filed this action against defendants[1] on November 3, 2025.  While the Complaint fails to enumerate legal causes of action, a liberal reading of the Complaint and its associated summary (Dkt # 1-1 at ¶¶ 82-88) indicates allegations of six claims against Officers McEvoy, Nihan, and Cuddy (Plainville Officers) and allegations of eight claims against

---

[1] Target Corporation, Alex Mirsky, Evan McClenan, Brendan Cohen, Plainville Police Officer McEvoy (misnamed McEnvoy), Plainville Police Officer Nihan, and Plainville Police Sergeant Cuddy.

Target, Mirsky, McClenan, and Cohen (Target Defendants).  The Complaint asserts the following claims against the Plainville Officers: violation of civil rights, intentional or reckless infliction of physical harm and emotional distress, false imprisonment, malicious prosecution, civil conspiracy, and loss of consortium.  The Complaint asserts the same claims against the Target Defendants, in addition to claims of slander as well as negligent hiring and training practices. Alexander Mirsky has moved to dismiss the Complaint (Dkt #29), as has Target Corporation and Brendan Cohen (Dkt #32), Evan McClenan (Dkt #39), and Plainville Police Officers Michael Cuddy, William McEnvoy, and John Nihan (Dkt #44).

For the following reasons, the officers' motion to dismiss is ALLOWED (Dkt #45) based upon the state court decision, and the court will STAY the case against Target and its employees based on the earlier filed case pending in the state court.

<b>FACTUAL BACKGROUND</b>

The facts, drawn from the Complaint and accompanying documents Smith attached to the Complaint, and viewed in the light most favorable to plaintiff as the non-moving party, are as follows.  On September 14, 2024, Smith went shopping at the Target store located at 91 Taunton Street in Plainville, Massachusetts. Compl. (Dkt # 1) ¶ 7; Compl. Ex. A (Dkt # 1-2) at

2

2.    During his visit, Smith placed several items in his shopping carriage. Compl. ¶ 11. Realizing he was late to meet his sister for lunch, Smith departed the store without taking or buying any merchandise. *Id.* ¶¶ 9, 12. Shortly after Smith departed the store parking lot in his car, Plainville Police Officer Nihan pulled him over. *Id.* ¶ 13. Two other officers were present during the stop, Plainville Police Sergeant Cuddy and Plainville Police Officer McEvoy. *Id.*; Compl. Ex. A at 6. During the stop, Smith alleges that the officers questioned him and falsely accused him of shoplifting. Compl. ¶ 14. Smith received criminal summons via mail after the stop, charging him with two felonies: Attempt to commit a crime, Mass. Gen. Laws ch. 274, § 6, and Unlawful removal of theft detection device, Mass. Gen. Laws ch. 266, § 30B. Compl. ¶ 17; Compl. Ex. A at 6.

Officer Nihan's police report and Target's incident report filled out by Evan McClenan, both attached to Smith's Complaint, provide informative supplemental information. The incident report states that Target Security Specialist Brendan Cohen observed Smith via camera surveillance going through multiple departments and placing items in his cart. Compl. Ex. B (Dkt # 1-3) at 3. Through physical surveillance, McClenan saw Smith defeating anti-theft devices on a baby monitor and razor before placing the products in his carriage. *Id.* Smith asserts that these claims were

manufactured. Compl. ¶ 26. Based on his observations, McClernan authorized a call to law enforcement. Compl., Ex. B at 3. Officer Nihan's police report states that he responded to a Plainville Target employee's 911 call reporting shoplifting, causing him to stop Smith because he matched the suspect description. Compl. Ex. A at 6. Officer McEvoy joined the stop upon completing an investigation with the Target Asset Protection Team (Target AP). *Id.* Officer McEvoy reported that there was surveillance video of Smith going through Target before abandoning his cart and that inside the abandoned cart were several defeated anti-theft devices. *Id.* Based on this information, Officer Nihan informed Smith that he would receive a criminal summons for attempted shoplifting and defeating an anti-theft device, both of which Smith denied involvement in. *Id.*

The criminal charges were handled by the Wrentham District Attorney's Office. Compl. ¶ 9. Smith declined representation and represented himself *pro se*. *Id.* ¶¶ 15-19. From discovery, Smith received and reviewed surveillance video footage, photographs, and the recording of the 911 call made by a Target employee. *Id.* ¶ 21. Smith alleges the video footage does not show that he removed an anti-theft device nor that he attempted to commit a crime. *Id.* ¶ 22. Based on the 911 recording, Smith believes that Cohen, with direction from McClenan and manager Alex

Mirsky, manufactured claims and coordinated with the officers on which crimes to charge Smith with. *Id.* ¶ 15. On or around February 4, 2025, the Wrentham District Attorney issued a Nolle Prosequi for both charges. *Id.* ¶ 36; Compl. Ex. F (Dkt # 1-7) at 2.

Because of the charges, Smith violated his probation in Uxbridge and Barnstable. Compl. ¶ 28. He served thirty-two days in Worcester County Jail and eight days in Barnstable County Jail. *Id.*; *see also* Norfolk Superior Court Memorandum of Decision and Order on Several Motions (Dkt # 45-2) at 4. Because of the violation, Smith received an additional year of probation and his unsupervised probation was converted to supervised probation. Compl. ¶¶ 29-30. Smith unsuccessfully attempted to restore his previous probation term and conditions. *Id.* ¶¶ 45-47. Smith further alleges that he lost property and income worth over $2000 during his incarceration. *Id.* ¶ 33.

## PROCEDURAL BACKGROUND

Smith filed this action on November 3, 2025. Previously, on May 12, 2025, Smith had filed an Amended Complaint in the Norfolk Superior Court (State Complaint) based on the same incident, with nearly identical language to the Complaint in the current action. *See* State Compl. Action No. 2582CV00215 (Dkt # 45-1). The State Complaint alleged malicious

prosecution, false imprisonment, violation of civil rights laws, and conspiracy against the Plainville Officers. Dkt # 45-2 at 6. Against the Target Defendants, the State Complaint alleged violation of civil rights laws, slander, conspiracy, negligent hiring and training, and false imprisonment.[2] Dkt # 45-2 at 9-10. On December 8, 2025, the Norfolk court dismissed all claims against the Plainville Officers for failure to state a claim upon which relief can be granted under Mass. R. Civ. P 12(c) (judgment on the pleadings). Dkt # 45-2 at 6-8. The state court action is pending for the remaining defendants.

## LEGAL STANDARD

Both the Plainville Officers and Target defendants move to dismiss under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a

---

[2] Plaintiff's Norfolk Superior Court Complaint fails to assert individual claims against the parties, but under a "fair reading" of the Complaint, the Superior Court Justice identified claims. Dkt # 45-2 at 9-10.

complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the allegations in the complaint are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," the complaint will be dismissed. *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

The Plainville Officers additionally move to dismiss under "Fed. R. Civ. P. 12(b)(9)," which does not exist. The stated reasoning behind the Plainville Officers' "Fed. R. Civ. P. 12(b)(9)" argument is that Smith's claims should be precluded by the doctrine of res judicata from relitigating in this court a matter that has been resolved in state court. The doctrine of res judicata serves important policy purposes such as relieving litigants of the "'cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication.'" *Apparel Art Int'l, Inc. v. Amertex Enters., Ltd.*, 48 F.3d 576, 583 & n.7 (1st Cir. 1995), quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Res judicata is an affirmative defense, but where . . . the defendant has raised the question on a motion to dismiss, the plaintiff does not object to the procedure, and the

7

court discerns no prejudice, the issue may be resolved on such a motion." *In re Sonus Networks, Inc.*, 499 F.3d 47, 56 (1st Cir. 2007).

**DISCUSSION**

## I. The Plainville Officers

The Plainville Officers jointly moved to dismiss. Because they present identical arguments in favor of dismissal, the court will address the claims ensemble. The Plainville Officers contend that Smith's claims are barred by the doctrine of res judicata. A federal court looks to state law in deciding the effect of a state court judgment on a later-filed case (res judicata or claim preclusion). *See Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir. 2000) ("[S]tate law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in federal court."). In Massachusetts, claim preclusion may be invoked when three elements are present: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *Dolan v. Chase Home Fin., LLC*, 2015 WL 4776786, at *11-12 (D. Mass. July 10, 2015), *report and recommendation adopted*, 2015 WL 4762672 (D. Mass. Aug. 11, 2015); *see also DaLuz v. Dep't of Corr.*, 434 Mass. 40, 45 (2001).

The first and third elements are clearly met here.  The state court's dismissal of Smith's claims against the Plainville Officers constitutes a final judgment on the merits.  *See* Mass. R. Civ. P. 41(b)(3) (a dismissal operates as an adjudication upon the merits unless it is based on lack of jurisdiction, improper venue, or failure to join a necessary party, or is otherwise provided for in the rule); *see also Jarosz v. Palmer*, 436 Mass. 526, 536 (2002) ("it is necessary that a stipulation of dismissal be accorded the same effect as a final judgment").  On the third element, the parties are identical in both suits.

On the second element, Massachusetts law provides that "[c]laim preclusion . . . prevents relitigation of all matters that were or could have been adjudicated in the action." *Blanchette v. Sch. Comm. of Westwood*, 427 Mass. 176, 179 n.3 (1998).  "Causes of action are identical if they derive from a 'common nucleus of operative facts.'" *Liu v. Tufts Med. Ctr. Inc.*, 104 Mass. App. Ct. 1109, *review denied*, 494 Mass. 1105 (2024), citing *Laramie v. Philip Morris USA Inc.*, 488 Mass. 399, 411 (2021).  Smith's federal complaint is largely duplicative of his state action.  With the exception of his claims for intentional and/or reckless infliction of severe physical harm and emotional distress, loss of consortium, and civil rights violations under federal law, every claim raised in the Complaint was previously adjudicated in the state proceedings and is therefore barred by claim preclusion.  The

remaining state-law and federal civil rights claims[3], though not expressly litigated, arise from the same nucleus of operative facts as the state action and could have been pleaded therein.  They are likewise precluded.

## II. The Target Defendants

The Target defendants (Target Corporation, Alex Mirsky, Evan McClenan, and Brendan Cohen) are also parties in Steven Smith's state court litigation.  They too filed dispositive motions in the Norfolk Superior Court action, but their motion was denied by Justice William Sullivan on December 8, 2025. See Dkt 45-2 at 9-11.  On May 12, 2025, Smith filed an Amended Complaint in the Norfolk Superior Court based on the same incident, with nearly identical language to the Complaint in the current action.  *See* State Compl. Action No. 2582CV00215 (Dkt # 45-1).  Smith commenced this action on November 3, 2025.

The first-to-file rule is a legal doctrine where, when similar or identical lawsuits are filed in different courts, the case filed first takes priority and moves forward, while the second case is typically stayed, transferred, or dismissed. The rule serves to conserve judicial resources, promote efficiency, and avoid conflicting rulings. As Stevens filed his first lawsuit against the

---

[3] State courts have concurrent jurisdiction over federal civil rights claims.

Target defendants in the Norfolk Superior Court, the Clerk will STAY this case ending the conclusion of the litigation in the state court.

## ORDER

For the foregoing reasons, Plainville Police Officers Michael Cuddy, William McEnvoy, and John Nihan's Motion For Judgment on the Pleadings is ALLOWED (Dkt #44).  The claims against Target Corporation and Alex Mirsky, Evan McClenan, and Brendan Cohen are STAYED pending the completion of Smith's case against them pending in Norfolk Superior Court. The remaining parties will file status reports regarding the state case every three months or upon its termination,  whichever occurs first.

SO ORDERED.

Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

11